## No. 2920

### Second Circuit

---

## WEBSTER v. CALHOUN

---

(November 8, 1928. Opinion and Decree.)
(December 19, 1928. Rehearing Refused.)

---

James W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellant.

Rusca and Cunningham, of Natchitoches, attorneys for defendant, appellee.

WEBB, J. The plaintiff brought this action to rescind a contract of lease made by him to defendant, covering eighty acres of land and two mules, for a period of five years beginning on January 1, 1925, and expiring on January 1, 1930.

The lease was made for an annual rental of four hundred ninety dollars, payable on October 10th of each year, and provided that at the expiration of the lease the mules should become the property of the defendant lessee, and it further stipulated that the lessee would cultivate all of the open lands on the property and that he would "clean out and keep open and in a drainable condition any and all ditches needing such work during the life of this lease."

The lessee cultivated the property for two years, 1925 and 1926, paying the stipulated price of the lease, and the present suit was filed on September 22, 1926, to annul the lease on the grounds that defendant had failed to cultivate all of the open lands, and had failed to keep the ditches drained out and in a drainable condition, to which defendant excepted that plaintiff had failed to allege that defendant had been placed in default, which being overruled, he answered denying plaintiff's allegations, and alleged that plaintiff had failed to keep the fences in repair and that cattle had damaged his crops, and further that plaintiff had taken possession of the mules without his consent, and reconvening for damages.

On trial, judgment was rendered in favor of plaintiff rescinding the lease and ordering the leased premises and animals to be delivered to him and rejecting defendant's reconventonal demand, from which defendant appeals.

The defendant and appellant urges that his exception to the petition as to the failure of plaintiff to allege that defendant had been put in default should have been sustained, and on the merits, that the evidence failed to establish that defendant had failed to cultivate the open lands or to keep the ditches open and in drainable condition.

Passing the question of the necessity of an allegation that plaintiff had demanded that defendant place all of the lands in cultivation and keep the ditches open, as a condition precedent to the action to annul the lease, to the question of fact as to whether or not defendant did comply with his obligations in these respects we are constrained to find against plaintiff on the facts presented.

It is contended that plaintiff wished to cancel the lease, being of the opinion he had leased the property at too low a price, and that during the two years that defendant cultivated the premises he had raised larger crops than had been gathered from the property for many years, and it appears that the only part of the lands which was not planted by the lessee was a few feet next to the ditches, and although there is a conflict in the evidence as to the sufficiency of the work done by the lessee at the beginning of the planting season to clean out the ditches, it is conceded that he cleaned out the ditches at the beginning of each year, and the evidence does not show the land was not as well drained as the system of drainage constructed by plaintiff permitted it to be drained.

The evidence rather than establishing that defendant had failed to comply with the conditions of the lease as to cultivating the lands and keeping the ditches open establishes that there was a substantial compliance with the conditions, in that all of the land was cultivated, with the exception of a few feet next to the ditches, and that the property was drained with the exception of one or two acres, which had been planted by the lessee, and the failure of that portion of the tract to drain is attributed by several of the witnesses to the system of drainage and not to the failure of defendant to keep the ditches open.

The reconventional demand of defendant for loss of crops through the depredation of cattle, alleged to have been due to plaintiff's failure to maintain the fences, was not sustained, and the evidence is very unsatisfactory as to the circumstances under which plaintiff took possession of the two mules, but it appears that defendant did not make any objection, and as to the claim for damages for the value of the services of the animals, we think defendant's demands should have been dismissed as of non-suit.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that plaintiff's demands be rejected and his suit dismissed at his cost, and that the reconventional demand of defendant for damages for the value of the services of the animals be dismissed as of non-suit.